**SCHNEBERG LAW PC**
Kyle P. Schneberg, SBN 239325
2916 W. 164th St.
Torrance, California 90504
(310) 359-9090
service@schneberglaw.com

**BOHRER & LUKEMAN, PLLC**
Abram I. Bohrer, NY SBN 2447530
5 Columbus Circle, Suite 1501
New York, New York 10019
(212) 406-4232
*Forthcoming Pro Hac Vice Application*

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUSTAFA ALI KHAN,<br><br>Plaintiff,<br><br>vs.<br><br>QATAR AIRWAYS, Q.C.S.C.,<br><br>Defendant | **Case No.: 2:26-cv-12959**<br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

1. The Plaintiff, MUSTAFA ALI KHAN, by his attorneys, SCHNEBERG LAW PC, and BOHRER & LUKEMAN, PLLC, as and for his complaint against the Defendant, QATAR AIRWAYS, Q.C.S.C. ("Defendant"), alleges the following upon information and belief:

## THE PARTIES

2. Plaintiff MUSTAFA ALI KHAN ("Plaintiff") is a resident of the State of Minnesota.

3. At all times mentioned herein, Defendant QATAR AIRWAYS, Q.C.S.C. (Hereinafter "QATAR") is a foreign corporation organized and existing under the laws of State of Qatar, with its principal place of business located in Doha, Qatar.

4. Upon information and belief, the government of Qatar owns more than 51% of Defendant QATAR AIRWAYS, Q.C.S.C.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, insofar as a federal question is presented under the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 (hereinafter the "Montreal Convention"). Plaintiff is a resident of the United States, and his international itinerary concluded in the State of California.

6. Personal Jurisdiction is appropriate herein pursuant to 28 U.S.C. §1330 insofar as Defendant is deemed to be an instrument of a foreign state.

7. Venue is proper pursuant to 28 U.S.C. 1391 insofar as the events

giving rise to this cause of action occurred during the course of an airline itinerary en route to Los Angeles International Airport (LAX).

8. At the time of the events complained of herein, Defendant QATAR AIRWAYS was a common carrier engaged in the business of transporting passengers for hire by air.

9. At all times mentioned herein, Defendant QATAR was and is a common carrier of passengers by air, conducting business within the State of California, including the operation of commercial passenger flights to and from California airports. Defendant purposefully availed itself of the privilege of conducting business within the State of California and maintained continuous and systematic commercial operations within the State.

10. At all times relevant, QATAR was certificated by and held a foreign air carrier permit issued by the United States Department of Transportation

11. At all material times, Defendant QATAR AIRWAYS, Q.C.S.C. ("QATAR"), conducted substantial business operations within the State of California, including, but not limited to, the marketing, sale, and operation of international passenger flights on its own aircraft, through codeshare and interline arrangements, and through the sale of airline tickets to customers located within the State of California, both directly and indirectly.

12. Alternatively, personal jurisdiction over Defendant QATAR is appropriate under Fed. R. Civ. P. Rule 4(k)(2) as this matter arises under federal law, that is, a multilateral treaty obligation to which the United States is a signatory, and QATAR, a foreign entity with its principal place of business in Doha Qatar, is not subject to jurisdiction in any state courts of general jurisdiction

13. The exercise of personal jurisdiction over Defendant QATAR pursuant to Federal Rule of Civil Procedure 4(k)(2), if applicable, is consistent with due process under the Fifth Amendment to the United States Constitution, as QATAR has established substantial contacts with the United States as a whole and has purposefully availed itself of the United States market through the following activities:

**a.** Operating within the United States under the authority of a Foreign Air Carrier Permit issued by the United States Department of Transportation;

**b.** Operating regularly scheduled international passenger flights on its own aircraft to and from airports throughout the United States, including airports located within the State of California;

**c.** Transporting passengers aboard its aircraft to and from the United States, including the State of California;

**d.** Engaging in the direct sale of airline tickets to United States citizens and residents through its website and other distribution channels;

**e.** Engaging in the direct and indirect sale of airline tickets through codeshare, interline, and other commercial agreements with air carriers operating within the United States;

**f.** Employing personnel and engaging agents to conduct airline-related business activities within the United States;

**g.** Maintaining or utilizing offices, facilities, and other premises within the United States in connection with its commercial airline operations;

**h.** Regularly transacting business within the United States, including the purchase of aviation fuel, catering services, ground handling services, and other goods and services necessary for its flight operations; and

**i.** Conducting cargo transportation operations to and from the United States, including through cargo handling facilities and commercial arrangements with third-party service providers.

///

///

///

## FIRST CAUSE OF ACTION

14. On November 7, 2024, Defendant QATAR operated and controlled a certain commercial passenger aircraft designated as Qatar Airways Flight QR475 (hereinafter the "subject flight").

15. Defendant QATAR owned, operated, maintained, serviced, and/or otherwise controlled the subject aircraft.

16. On November 7, 2024, Defendant QATAR employed flight and cabin crew members responsible for the safe and secure operation of the subject aircraft and flight, as well as the safety and well-being of its passengers.

17. Said flight and cabin crew members were employees, agents, servants, and/or contractors of Defendant QATAR.

18. Among the duties and responsibilities of said QATAR flight and cabin crew members, as well as their employees, agents, servants, employees and/or contractors was to ensure that the passenger disembarkation process from QATAR aircraft was conducted in a safe and orderly fashion.

19. On November 7, 2024, Plaintiff MUSTAFA ALI KHAN was a fare-paying passenger traveling aboard the subject flight pursuant to a contract of carriage for international travel originating in India and scheduled to conclude in Los Angeles, California.

20. Plaintiff's contract of carriage provided for travel aboard Qatar Airways Flight QR475 from India to Hamad International Airport in Doha, Qatar (DOH), followed by a connecting flight aboard Qatar Airways Flight QR739 to Los Angeles International Airport (LAX), California.

21. At the time of the accident complained of herein, Plaintiff was disembarking Qatar Airways Flight QR475 at Hamad International Airport in Doha, Qatar, in order to connect to Qatar Airways Flight QR739 to Los Angeles, California, rather than conclude his journey in Doha.

22. Upon arrival of the subject flight, Plaintiff and other passengers were required to disembark the aircraft by means of an external mobile staircase.

23. Upon information and belief, Defendant QATAR, its employees, agents, servants, and/or contractors owned, operated, managed, maintained, supervised, and/or otherwise controlled the aforesaid external mobile staircase and the disembarkation process from the subject aircraft.

24. Pleaded in the alternative and without prejudice to anything else set forth herein, in the event that the aforesaid external mobile staircase was owned, operated, or maintained by an entity other than Defendant QATAR, Defendant QATAR had a duty to exercise reasonable care to provide passengers with a safe means of disembarking its aircraft.

25. On November 7, 2024, Defendant QATAR, through its employees, agents, servants, and/or contractors, was responsible for exercising reasonable care in supervising and conducting the disembarkation process, including ensuring that the external mobile staircase was reasonably safe for passengers to use and preventing unsafe crowding, rushing, pushing, and other hazardous conditions reasonably foreseeable under the circumstances.

26. Pleaded in the alternative and without prejudice to anything pleaded herein to the contrary, Defendant QATAR utilized the services of ground handling personnel and/or contractors to facilitate the disembarkation of passengers from the subject flight in accordance with the above referenced manner.

27. Upon information and belief, said ground handling personnel and/or contractors were acting as agents of Defendant QATAR and performing functions necessary to the completion of Defendant QATAR's contract of carriage.

28. On November 7, 2024, while Plaintiff MUSTAFA ALI KHAN was lawfully attempting to disembark the subject flight by descending the external mobile staircase, he was caused to fall down the external mobile staircase to the ground below.

29. Plaintiff's disembarkation at this location was necessary for Plaintiff to board his scheduled connecting flight to Los Angeles, California.

30. Upon information and belief, the aforesaid accident occurred under circumstances involving the unsafe manner in which the disembarkation process was conducted, supervised, managed, and/or controlled by Defendant QATAR, its employees, agents, servants, and/or contractors.

31. Upon information and belief, the external mobile staircase utilized during the disembarkation process lacked adequate safety features and/or safeguards to reasonably protect passengers from the risk of falling under the circumstances.

32. Plaintiff's fall and resulting injuries constituted an accident within the meaning of Article 17 of the Montreal Convention, insofar as the occurrence was an unexpected or unusual event external to Plaintiff and did not arise solely from Plaintiff's internal reaction to the ordinary operation of the aircraft.

33. Said accident occurred during the course of disembarking from an aircraft engaged in international carriage by air and is therefore governed by Article 17 of the Montreal Convention.

34. As a direct and proximate result of the aforesaid accident, Plaintiff MUSTAFA ALI KHAN sustained bodily injuries.

35. As a result of said accident, Plaintiff MUSTAFA ALI KHAN suffered physical injuries, pain, discomfort, and emotional distress associated with his bodily injuries.

36. As a result of said accident, Plaintiff MUSTAFA ALI KHAN was injured.

37. As a result of said accident, Plaintiff MUSTAFA ALI KHAN was seriously injured.

38. As a result of said accident, Plaintiff MUSTAFA ALI KHAN was permanently injured.

39. To date, Plaintiff MUSTAFA ALI KHAN has undergone medical treatment and required hospitalization as a result of said accident.

40. As a result of said accident, MUSTAFA ALI KHAN has suffered great pain, agony, and mental anguish and will continue to suffer in the future.

41. As a result of said accident, plaintiff MUSTAFA ALI KHAN suffered economic loss in the past and shall continue to suffer economic loss in the future.

42. As a result of said accident, plaintiff MUSTAFA ALI KHAN was forced to expend sums of money on medical treatment and shall continue to expend such funds in the future.

43. As a result of said accident, plaintiff MUSTAFA ALI KHAN was deprived of his enjoyment of life, pursuits and interests and believes that in the future he will continue to be deprived of such pursuits.

44. As a result of the foregoing accident, defendants are liable to pay full, fair and reasonable damages to plaintiff under the Montreal Convention.

45. Pursuant to Article 21 of the Montreal Convention, defendants cannot meet its burden of proving that its negligence did not cause or contribute to the accident, and to plaintiff's resulting injuries.

46. Pursuant to Article 21 of the Montreal Convention, defendants cannot meet their burden of proving that plaintiff's injuries were caused solely by the acts of third parties who were not its agents or contractors or otherwise performing an essential airline function.

**WHEREFORE**, plaintiffs demand judgment against defendants in an amount to be determined at trial together with interest, costs and disbursements of this action.

///

///

///

**JURY DEMAND**

Plaintiff demands a jury of eight (8) persons for all claims stated.

Dated: November 4, 2026

SCHNEBERG LAW PC

*-s- Kyle P. Schneberg*

By:____________________________

Kyle P. Schneberg, Esq.
Schneberg Law P.C.
2916 W. 164th St.
Torrance, California 90504
(310) 359-9090

BOHRER & LUKEMAN, PLLC

By:________________________

Abram I. Bohrer, Esq.
Bohrer and Lukeman, PLLC
5 Columbus Circle, Suite 1501
New York, New York 10019
(212) 406-4232
*Forthcoming Pro Hac Vice Application*

*Attorneys for Plaintiff*